390 A.2d 1311

COMMONWEALTH of Pennsylvania

v.

Ronald E. FRENCH, Appellant.

Superior Court of Pennsylvania.

Argued April 11, 1977.

Decided July 12, 1978.

---

428

David P. Brandt, Assistant Public Defender, Franklin, for appellant.

Miles R. Lynn, Jr., District Attorney, Franklin, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

At No. 174–1974, the appellant, Ronald E. French was charged with escape[1] from the Venango County Jail on or about April 25, 1974 and at No. 310 of 1974, he was charged with escape from the same jail on or about July 14, 1974. As the result of a plea bargain entered into by the appellant and the district attorney, appellant pled guilty to both charges of escape. On August 30, 1974, he was sentenced to serve a term of imprisonment on each charge, the minimum to be not less than three and a half years and the maximum to be not more than seven years. The two sentences were to run consecutively. The appellant did not file a petition to withdraw his guilty plea prior to sentencing nor did he file any other post trial motions. Also, appellant did not file a direct appeal following his sentencing nor did he file a petition to correct the sentence. The first time he raised the

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973, 18 Pa.C.S. § 5121.

issues complained of was in a petition under the Post Conviction Hearing Act.[2] After a hearing his petition was dismissed by the lower court and this appeal followed.

Appellant raises two issues on appeal: 1) pressures were brought to bear upon him which resulted in the plea of guilty, thereby rendering it involuntary and uninformed; and 2) errors in the appellant's pre-sentence report and the prejudicial tone of that report were such as to entitle him to be resentenced.

■ Appellant refers to several different factors as having an influence on his decision to enter a guilty plea. All of which he claims were improper and therefore rendered his plea involuntary. The terms of the negotiated plea bargain between appellant and the district attorney were that the Commonwealth would dismiss or nolle pros certain charges if appellant would plead guilty to the two charges of escape. Specifically, the Commonwealth agreed to drop the following charges:

(1) S.D. No. 104–1974. The indictment charged appellant with criminal attempt to commit burglary.

(2) S.D. No. 149–1974. The indictment charged two counts:

(a) Recklessly endangering another person;

(b) Criminal Mischief.

The first count, recklessly endangering another person, had in fact been dismissed by the Grand Jury.

(3) S.D. No. 150–1974. The indictment charged defendant with aggravated assault.

(4) S.D. No. 158–1974. The indictment charged two counts:

(a) Statutory Rape;

(b) Corrupting the morals of a minor.

Appellant had never been bound over by the magistrate on the second count, corrupting the morals of a minor.

2. Act of January 25, 1966, P.L. (1965) 1580; § 1 et seq., 19 P.S. § 1180–1 et seq. (Supp.1974).

(5) S.D. No. 202–1974. This indictment charged appellant with statutory rape.

(6) S.D. No. 203–1974. This indictment contained three counts:

(a) Burglary

(b) Theft of movable property

(c) Theft by receiving stolen property.

Appellant was bound over to the court only on the third count, theft by receiving stolen property, and therefore the indictment erroneously charged the first two counts. Since some of the counts in the various indictments were either dismissed at the magistrate hearing or never returned by the Grand Jury, it is appellant's contention the Commonwealth unfairly inflated the number of charges making the plea bargain much more attractive. He further alleges that his trial counsel should have been knowledgeable of the fact that some of the counts were not viable and counsel's failure to advise him of such means that he has ineffectively represented. This issue was raised by appellant initially in his P.C.H.A. petition and was thoroughly covered in the hearing. We find little advanced by appellant in this appeal to lead us to a conclusion different than that of the lower court.

Our inquiry must focus on whether or not the charges that were erroneously included in the indictments had any effect on the appellant when entering his plea, and if so how much effect. Appellant, previous to August 6, 1974, had been arraigned and bound over on S.D. 104–1974, attempted burglary. On August 6, 1974, at his arraignment on the other charges, appellant waived his right to have the indictments read to him and entered his plea of guilty to the two charges of escape. However, the lower court did recite the indictments as to number and charge. At S.D. 149–1974, appellant was informed he was being charged with criminal mischief. The count of recklessly endangering another person, which had been dismissed by the Grand Jury was not mentioned. S.D. 158 of 1974 erroneously included the charge of corruption of a minor along with the charge of

statutory rape. And S.D. 203–1974 included burglary and theft of movable property although appellant had been bound over by the magistrate only on theft by receiving stolen property. At the hearing on appellant's P.C.H.A. petition, the testimony disclosed that appellant and the public defender representing him at the time of the plea bargain were concerned primarily with disposing of the two charges of statutory rape and the charge of attempted burglary. This was due to the fact that counsel believed that the Commonwealth had strong evidence in all of these cases. The other charges were not of paramount concern to appellant in his decision to accept the plea bargain. Therefore, his contention that counsel was ineffective in not presenting to him the fact that some counts were not viable is without merit. In total six indictments were dismissed or nolle prossed by the Commonwealth in exchange for appellant's plea of guilty to the two escape charges. It is also worthwhile mentioning that counsel stated on several occasions that appellant was one of the most knowledgeable and articulate defendants he had ever represented and he assisted greatly in the preparation of the case.[2]

In addition to the claim that the inflated number of counts put undue pressure on him to enter his guilty plea, appellant raises several other contentions. These were all raised in his P.C.H.A. hearing and thoroughly covered by the lower court. We find nothing proffered during the P.C.H.A. hearing or in the present appeal that would cause us to come to a different result than that of the lower court. Only brief mention need be made of these other factors that appellant alleges put undue pressure on him thereby rendering his guilty plea involuntary.

2. During the P.C.H.A. hearing, trial counsel was asked whether or not he received any correspondence from appellant regarding the plea bargain. In a letter dated July 29, 1974, appellant concluded with the instructions to counsel that: "I will plea guilty to the two escapes and forget the whole hassel, or else I am going to trial without you. I am sick and tired of all this bullshit like everyone claiming I'm dangerous. Looking forward to seeing you Monday."

Appellant states that an article in the Franklin News-Herald appearing on Friday, August 9, 1974, wherein the district attorney stated that he intended to seek the maximum penalty against appellant on every charge put pressure on him to enter his plea of guilty. However, appellant was arraigned on August 6, 1974, waived his right to have the indictments read to him and entered a plea of guilty to the two charges of escape. The article appearing three days later could hardly have influenced his decision on August 6, 1974.

Appellant also contends that he was under significant pressure because he was unable to send and receive mail in sealed envelopes. This along with the difficulty of speaking with his counsel directly and privately caused him to enter his plea without fully understanding what he was doing. It was the policy of the Venango County Jail to check all outgoing and incoming mail for the possibility of contraband. However, this was not the practice when the letters were correspondence to and from the public defender and district attorney. Appellant was treated the same as any of the other inmates until April 25, 1974, the date of his first escape from the county jail. Thereafter, additional precautions were taken to assure that appellant did not escape again. With respect to appellant's claim that he was unable to confer privately with counsel, the testimony indicated that although the majority of meetings occurred when appellant was in the bullpen area, more often than not any other prisoners in that area were at the opposite end. Appellant does not allege that he was in anyway prejudiced by the fact that he could not meet with counsel privately. In fact, appellant discussed his case with counsel on approximately twenty five different occasions and communicated with him by written letter on approximately twenty other occasions.

Appellant also contends that he was under the impression that he would not be able to undergo a psychiatric evaluation which he desired, unless he would commit himself to entering a plea bargain. However, the evidence presented

at the P.C.H.A. hearing indicated that there were never any assertions made regarding the fact that a continuation for the purposes of an evaluation were contingent on the entering of a guilty plea. Counsel's Motion for a continuance stated that they were close to a plea bargain, but only because this was a fact of the case and not merely a claim to influence the court in granting a continuation. There was never any connection between the granting of a continuation for the purpose of performing a psychological evaluation and appellant entering into a plea bargain.

▮ Another contention raised by appellant is that part of the plea bargain included the return of a shotgun, which belonged to the appellant's father, to appellant's mother. However, the record indicated that this was not part of the negotiations, but was actually the subject of a discussion completely unrelated to the plea bargain. Along these same lines, appellant states that he was under the impression that he would receive concurrent sentences on the two escape charges. This was not part of the negotiations. Appellant, when asked directly during his arraignment on August 6, 1974, whether or not any promises had been made to him regarding the sentences to be imposed, responded that there had been no promises made to him. He repeated this same acknowledgement on August 30, 1974 at the time he was sentenced. Appellant's wish to have a lesser sentence imposed does not render his plea involuntary. He correctly cites *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) as standing for the proposition that a guilty plea is not invalid because it is motivated by the defendant's desire to accept the certainty or probability of a lesser sentence rather than the possibility of a greater sentence. This is not a case where the Commonwealth deliberately employed its powers as prosecutor to induce the appellant to enter his plea. The lower court acted well within its authority in finding that the appellant's plea was not involuntarily entered and there has been nothing presented in this appeal to cause us to hold that the lower court erred in its determination.

■ Appellant argues in the alternative that there were errors in the presentence report such as to entitle him to be resentenced. However, the lower court went over each alleged error in its opinion explaining what consequence, if any, it had on the imposition of sentence. Appellant was sentenced to serve not less than three and a half years nor more than seven years on each charge of escape. The two sentences were to run consecutively. Section 5121 of the Pennsylvania Crimes Code classifies escape as a felony of the third degree under the facts of this case and thereby subjects the appellant to a possible prison term of not more than seven years on each charge. And of course there is nothing in the statute or in the case law of Pennsylvania which prohibits consecutive sentencing. Appellant contends that trial counsel was ineffective in so much as he had an opportunity to view the presentence report in the judge's chambers and did not discuss its contents with appellant. However, the testimony at the P.C.H.A. hearing indicated that the only discrepancy in the report that counsel was aware of was a statement that the appellant had not been in the military service when in fact he had received an honorable discharge from the National Guard. This, in the opinion of the lower court was of no consequence at the time sentence was imposed. Likewise, the court stated that the error which listed the appellant as having served a prison term of three to six years on a prior conviction when in fact it was two to four years was of little consequence. The court did not consider appellant's juvenile record and the statement in the report that appellant's father drank heavily and his parents neglected the children only elicited sympathy if anything. Consequently, the presentence report did not prejudice the appellant and there is no basis for the claim that trial counsel was ineffective for his failure to discuss the report with appellant.

Affirmed.

SPAETH, J., concurs in the result.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.